UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS LOCAL UNION NO. 1 WELFARE FUND, ADDITIONAL SECURITY BENEFIT FUND, VACATION & HOLIDAY FUND, PROMOTION FUND, TRADE EDUCATION FUND AND 401(K) SAVINGS PLAN, TRUSTEES OF THE PLUMBERS & PIPEFITTERS NATIONAL PENSION FUND, and TRUSTEES OF THE INTERNATIONAL TRAINING FUND and GEORGE W. REILLY, as Business Manager of LOCAL UNION NO. 1 OF THE UNITED ASSOCIATION OF JOURNEYMEN AND APPRENTICES OF THE PLUMBING AND PIPEFITTING INDUSTRY OF THE UNITED STATES AND CANADA, | **MEMORANDUM AND ORDER** <br> Case No. 08-CV-116 (FB) (JMA) |

     Plaintiffs,

   -against-

AXIOM PLUMBING & HEATING CORP.,

     Defendant.
-------------------------------------------------------------------x

*Appearance:*
*For the Plaintiffs:*
CHARLES R. VIRGINIA, ESQ.
Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC
111 Broadway
14th Floor, Suite 1403
New York , NY 10006

**BLOCK, Senior District Judge:**

    On January 9, 2008, plaintiffs filed a complaint seeking recovery of unpaid fringe benefit contributions, liquidated damages, attorney's fees, costs and interest. As defendant, after being duly served, failed to respond to the complaint or otherwise defend against the action, *see* Docket Entry #11 (Clerk's Entry of Default dated January 30, 2009), the plaintiffs now move for

entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b).

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

Plaintiffs allege that defendant was a party to a collective bargaining agreement ("CBA") pursuant to which defendant was responsible for fringe benefit contribution payments, and that defendant "employed certain employees covered under the Collective Bargaining Agreement," Compl. ¶ 16, and "has not fulfilled its statutory and contractual obligations to pay the required fringe benefit contributions . . . ." Compl. ¶ 18.

These allegations – deemed admitted – are sufficient to establish a breach of the CBA and, by extension, a violation of ERISA. *See* 29 U.S.C. § 1145 ("Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."). Thus, plaintiffs' motion for entry of a default judgment is granted.

Having established a violation of § 1145, the Plaintiffs are entitled to remedies under § 1132(g)(2), as well as any additional damages stemming from defendants' breach of the CBA; the

matter is referred to the assigned magistrate judge for a report and recommendation on the relief to be awarded.

**SO ORDERED**.

_____
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
January 30, 2009